UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2018 MAR 16  A 10: 12

US DISTRICT COURT
BRIDGEPORT CT

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING THE )
INSTALLATION AND USE OF PEN )
REGISTERS AND TRAP AND TRACE )
DEVICES, ACQUISITON OF CELL-SITE )
INFORMATION AND ACQUISITION OF )
RECORDS )
)

MISC. NO. _____

3:18 mj 436 (WIG)

**Filed Under Seal**

## ORDER

Tracy Lee Dayton, Assistant United States Attorney for the District of Connecticut (the

applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§

3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an Order authorizing the

installation and use of pen registers and trap and trace devices ("pen-trap devices") on cellular

telephone number (203) 521-5086, which is provided service by Verizon Wireless, and cellular

telephone numbers (203) 217-8132, (347) 702-3948, 203-217-5278 and 203-558-4594, which

are provided service by AT&T (the "**Target Telephones**"), and the acquisition of certain

approximate location information for the **Target Telephones**, and other dialing, routing, and

signaling information that may be associated with communications to or from the **Target**

**Telephones**, as described in the Attachments to this Order. The application also requests that the

Court issue an Order, pursuant to 18 U.S.C. § 2703(d), requiring Verizon Wireless and AT&T,

providers of electronic communications services and/or remote computing services to disclose

the records and other information described in the Attachments to this Order.

The Court finds:

18

1.    The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the United States Marshals Service ("USMS") in connection with possible violations of Title 18, United States Code, Section 1951 (Conspiracy to Commit Hobbs Act Robbery), Title 18, United States Code, Sections 111 and 2 (Assault on a Federal Officer), Title 18, United States Code, Section 922(o) (Conspiracy to Use a Firearm) and Title 18, United States Code, Section 924(c) (Use of a Firearm During and In Relation to a a Crime of Violence).

2.    The Court also finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation and that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

3.    The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

4.    There is reason to believe that notifying any other person, including the subscriber(s) of the **Target Telephones**, of the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant, the ATF and the USMS may, for a period of sixty days from the date of installation of the pen-trap devices, install and use pen-trap devices to collect dialing, routing, addressing, and signaling information for each communication to or from the **Target Telephones**, as described in Section II(a) of the Attachments, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, the applicant, the ATF and the USMS are authorized to acquire, during the same sixty-day period, all information requested in Section II(b) of the Attachments, without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Verizon Wireless and AT&T and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the ATF and/or the USMS reasonably compensate Verizon Wireless and AT&T and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the ATF, the USMS and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

IT IS FURTHER ORDERED that Verizon Wireless and AT&T and any other person or entity whose assistance may facilitate execution of this Order notify the applicant, the ATF and the USMS of any changes relating to the **Target Telephones**, including changes to subscriber information, and provide prior notice to the applicant, the ATF and the USMS before terminating or changing service to the **Target Telephones**.

IT IS FURTHER ORDERED that Verizon Wireless and AT&T and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the **Target Telephones**, identified above, the existence of this application and Order, the resulting pen-trap devices, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

IT IS FURTHER ORDERED that this Order and the application for this Order be sealed until further order of this Court.

Dated: 6/4/14                    s/William I. Garfinkel

                                 _____
                                 HONORABLE WILLIAM I. GARFINKEL
                                 UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**V.     The Target Cell Phone**

The Order applies to certain information associated with the following cell phone number: (203) 521-5086, which is provided service by Verizon Wireless (the "**Target Telephone**").

**VI.     Information to Be Collected with Pen-Trap Devices**

The pen-trap devices are authorized to collect the following information for the **Target Telephone** listed in Part I of this Attachment.

    **a.     Pursuant to 18 U.S.C. §§ 3122-24**
    All dialing, routing, addressing and signaling information associated with each communication to and from the **Target Telephone** including, but not limited to:

        vii.  Any unique identifiers associated with the **Target Telephone**, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
       viii.  Source and destination telephone numbers and email addresses.
        ix.  Date, time and duration of all communications.

    **b.     Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)**
        iii.  All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the **Target Telephone** will connect at the beginning and end of each communication.

**III.     Records and Other Information to Be Disclosed**

Verizon Wireless is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period January 1, 2014 through the present:

    A.     The following information about the customers or subscribers of the Account:
        1.     Names (including subscriber names, user names, and screen names);
        2.     Addresses (including mailing addresses, residential addresses, business addresses, e-mail addresses and contact numbers);
        3.     Local and long distance telephone connection records;
        4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5.     Length of service (including start date) and types of service utilized;
        6.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers



("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## ATTACHMENT B

### VII.    The Target Cell Phone

The Order applies to certain information associated with the following cell phone numbers: (203) 217-8132, (347) 702-3948, 203-217-5278 and 203-558-4594, which are provided service by AT&T (the "**Target Telephones**").

### VIII.    Information to Be Collected with Pen-Trap Devices

The pen-trap devices are authorized to collect the following information for the **Target Telephones** listed in Part I of this Attachment.

**a.    Pursuant to 18 U.S.C. §§ 3122-24**

All dialing, routing, addressing and signaling information associated with each communication to and from the **Target Telephones** including, but not limited to:

    x.   Any unique identifiers associated with the **Target Telephones**, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.

    xi.   Source and destination telephone numbers and email addresses.

    xii.   Date, time and duration of all communications.

**b.    Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)**

    iv.   All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the **Target Telephones** will connect at the beginning and end of each communication.

### III.    Records and Other Information to Be Disclosed

AT&T is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period January 1, 2014 through the present:

    A.   The following information about the customers or subscribers of the Account:

        1.   Names (including subscriber names, user names, and screen names);

        2.   Addresses (including mailing addresses, residential addresses, business addresses, e-mail addresses and contact numbers);

        3.   Local and long distance telephone connection records;

        4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.   Length of service (including start date) and types of service utilized;

        6.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers

3



("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

4